Zheng v. Garland

BIA
A209 127 618

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand twenty-one.

PRESENT:
    DEBRA ANN LIVINGSTON,
        *Chief Judge,*
    GUIDO CALABRESI,
    RICHARD J. SULLIVAN,
        *Circuit Judges.*

_____

HAI QIN ZHENG,
        *Petitioner,*

        v.                                        19-2923
                                                  NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Richard Tarzia, Esq., Belle Mead, NJ.

FOR RESPONDENT:         Joseph H. Hunt, Assistant Attorney General; Shelley R. Goad,

Assistant Director; Elizabeth R. Chapman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hai Qin Zheng, a native and citizen of the People's Republic of China, seeks review of an August 29, 2019, decision of the BIA denying her motion to reopen and terminate her removal proceedings. *In re Hai Qin Zheng,* No. A 209 127 618 (B.I.A. Aug. 29, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007). The BIA abuses its discretion if its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (internal quotation marks omitted).

The BIA did not abuse its discretion here. Zheng argued that, under *Pereira v. Sessions*, 138 S. Ct. 2105, 2114 (2018), the immigration court lacked jurisdiction over her removal proceedings because her notice to appear ("NTA") did not include the date and time of her initial hearing. In *Pereira*, the Supreme Court held that an NTA that fails to designate the time or place of an initial hearing in removal proceeding does not trigger the stop-time rule ending the noncitizen's period of continuous presence for purposes of cancellation of removal. 138 S. Ct. at 2113-20; *see also Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021) (holding that an NTA that omits statutorily required information is not cured for purposes of the stop-time rule by a subsequent notice that contains the missing information). Zheng did not apply for cancellation of removal, but instead argues that *Pereira* also renders such an NTA inadequate to vest jurisdiction in the immigration court. Zheng's argument is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101 (2d Cir. 2019), which holds that an NTA that omits the date and time of the hearing is adequate to vest jurisdiction in the immigration court if the noncitizen was sent a subsequent hearing notice with the

missing information, *id.* at 110–12.  *See also Niz-Chavez*, 141 S. Ct. at 1479–84 (like *Pereira*, addressing only the stop-time rule and not questioning the immigration court's jurisdiction over removal proceedings commenced by an incomplete NTA).  Zheng received notice of her hearings and appeared at them.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4